UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KYLE ALAN BOZEMAN                       CIVIL ACTION NO. 10-cv-0973

VERSUS                                  JUDGE HICKS

LIFE INSURANCE CO. OF NORTH             MAGISTRATE JUDGE HORNSBY
AMERICA

**MEMORANDUM ORDER**

Plaintiff, who alleges that he is domiciled in Louisiana, filed this complaint against Life Insurance Company of North America ("LINA") based on an assertion of diversity jurisdiction. Plaintiff describes LINA as "a foreign insurance company authorized and doing business in this state ... ." LINA, in its answer, admitted that allegation, and stated that it does not contest subject matter jurisdiction, but it did not provide additional information about its citizenship.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff, as the party invoking the jurisdiction of the court, bears the burden of setting forth the facts necessary to establish diversity. Counsel for LINA should have ready access to information to determine the state in which LINA is incorporated and where it has its principal place of business (assuming it is a corporation and not another form of business entity). (At least one reported decision stated that LINA was a Pennsylvania corporation with its principal place of business in Pennsylvania.) Counsel for LINA is directed to promptly provide the company's citizenship information to counsel for Plaintiff, who must then file by **September 10, 2010** a Motion for Leave to File Amended Complaint to set forth the requisite citizenship information with specificity. The motion must comply with Local Rule 7.6W, including the requirement of a statement regarding consent of opposing counsel. The court will review the amended pleading and, if jurisdiction is established, set the case for a scheduling conference.

All counsel are encourage to, when filing a complaint, notice of removal, answer or other pleading in a diversity case, ensure that the citizenship of the parties is alleged with particularity and in accordance with the rules that apply to the person or entity involved.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of August, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE